# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN DAUGOMAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1045-D |
| | ) | |
| LARRY ROBERTS, Acting Assistant Secretary, United States Bureau of Indian Affairs, in his official capacity, *et al.*, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Plaintiff John Daugomah's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 65.[1] Defendants, the Bureau of Indian Affairs and various agency officials acting in their official capacities, have responded [Doc. No. 14], and Plaintiff has replied [Doc. No. 18]. Having considered the Complaint [Doc. No. 1] filed in this matter and the motion papers and related exhibits, the Court finds that a temporary restraining order ("TRO") is unwarranted, and the motion for a TRO is denied.

---

[1] A Motion to Intervene [Doc. No. 16] was filed September 15, 2016, on behalf of Joe E. Poe, Jr., Charles Eisenberger, and Mary Helen Deer, all enrolled members and registered voters of the Kiowa Indian Tribe of Oklahoma ("Kiowa Tribe"). However, given the expedited nature of the consideration of Plaintiff's request for a temporary restraining order, the Court declines to address the Motion to Intervene at this time.

**Background**

Plaintiff filed the present action on September 9, 2016, seeking (1) a TRO enjoining Defendants from conducting a Special Tribal Election set for September 17, 2016, and (2) preliminary and permanent injunctions prohibiting the calling for and conducting of any further special elections.[2] This Order will address solely Plaintiff's request for a TRO.

**Standard**

The requirements for the issuance of a TRO are essentially the same as a preliminary injunction. *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). Because a preliminary injunction is considered "an extraordinary and drastic remedy" (*Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015) (*citing Munaf v. Geren*, 553 U.S. 674, 689 (2008)), a movant's right to relief must be clear and unequivocal. *Petrella v. Brownback*, 787 F.3d 1242, 1256 (10th Cir. 2015); *see also Port City Props. v. Union Pacific R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008). Injunctive relief is an equitable remedy that invokes the sound discretion of the district court, (*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)), and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (citations omitted); *see also Pymatuning Water Shed Citizens for a Hygienic Env't v. Eaton*, 506 F.Supp. 902, 908 (W.D. Pa. 1980) ("Like any

---

[2] It is undisputed that the Kiowa Tribe has experienced uncertainty for several years in regard to its elected officials. *See* Letter [Doc. No. 1-2] for a brief history of the Kiowa Tribe's political situation.

court of equity, the district court has very broad power to fashion a remedy appropriate to deal with the factual situation before the court.") (citation omitted).

The court of appeals has summarized the governing standard for the issuance of a TRO as follows:

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits;[3] (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.
>
> For certain preliminary injunctions, the movant has a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction. The heightened burden applies to preliminary injunctions that (1) disturb the status quo, (2) are mandatory rather than prohibitory, or (3) provide the movant substantially all the relief it could feasibly attain after a full trial on the merits. This court disfavors such injunctions.

*Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154-55 (10th Cir. 2001) (citations omitted); *see also Schrier v. Univ. of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (specifying that the modified standard does not apply to the three "specifically

---

[3] Many Tenth Circuit cases do not include the word "substantial" in listing this factor; however, recent decisions phrase this factor as a "substantial" likelihood of success on the merits. *See, e.g., Flood v. ClearOne Commc'ns., Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010); *Chamber of Commerce v. Edmondson*, 594 F.3d 742 (10th Cir. 2010); *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 788 (10th Cir. 2009); *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). Other Tenth Circuit cases, however, focus on whether a plaintiff can show a "reasonable probability" that it will succeed. *See, e.g., Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1100 (10th Cir. 2003).

3

disfavored preliminary injunctions"). Plaintiff's Motion is subject to the heightened burden because in it Plaintiff seeks to obtain substantially all relief available at the conclusion of this action – preventing the completion of the current election.

Of all the factors considered for the issuance of injunctive relief, proof of irreparable harm is generally considered the most important in determining whether a preliminary injunction should be issued. *See Port City Props.*, 518 F.3d at 1189 (observing that "courts have consistently noted" that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction"). Therefore, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256 (10th Cir. 2004). "[P]urely speculative harm does not amount to irreparable injury." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003). Rather, the movant must identify an injury that is "certain, great, actual and not theoretical." *See Heideman*, 348 F. 3d at 1189; *accord Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir.2001). The movant must also demonstrate that its injury cannot be satisfied by a remedy after trial of an award of monetary damages, (*see RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (citing *Greater Yellowstone Coal.*, 321 F.3d at 1258)), and that the harm alleged is "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier*, 427 F.3d at 1267 (quoting *Heideman*, 348 F.3d at 1189).

4

**Discussion**

Pursuant to Fed. R. Civ. P. 78(b), and consistent with Plaintiff's contention that this case "presents a straightforward question of law" and that "facts are not in dispute" (Mot. [Doc. No. 4] at 5), the Court declines to hold an oral hearing on Plaintiff's Motion. *See Carbajal v. Warner*, 561 Fed. App'x. 759 (10th Cir. 2014) (unpublished) (Absent any authority cited by Plaintiff requiring "a district court to hold an evidentiary hearing prior to granting or denying a preliminary injunction motion . . . . we do not instruct the district court to hold an evidentiary hearing prior to disposition of [Plaintiff's] motion, although the district court is free to do so within its own discretion."); *see also Bors v. Allen*, 607 F. Supp. 2d 204, 207 (D.D.C. 2009) (Plaintiff's application for a preliminary injunction could be denied "without first providing a hearing on the merits when the record demonstrate[d] a lack of right to relief.") (citations omitted). In this case, as set forth *infra*, the submitted papers readily demonstrate that Plaintiff is not entitled to a TRO.

Without addressing in detail the other requirements for the issuance of an injunction, the Court finds that Plaintiff has failed to show a probability of irreparable harm. Plaintiff asserts in conclusory fashion that the election "will likely have long-standing, generational consequences," and that the procedural rules used for the election have "caused great disruption in the Tribe," without providing any significant evidentiary or factual support for such speculative assertions. And Plaintiff's assertion that "[t]he new Business Committee will have the power to make immediate decisions directly impacting the members of the

Tribe and Plaintiff Daugomah, such as the expenditure of the Tribe's funds and the operation of the Tribe's casino enterprise," while presumably true, does not equate to a showing of irreparable harm to Plaintiff. *See* Motion, p. 17, § VII A., Irreparable Harm [Doc. No. 4]. Further, Plaintiff's choice to file this action on the eve of completion of the election,[4] when Plaintiff has been aware of the pending election process for at least several months, militates against the notion that emergency relief based on expedited proceedings to prevent imminent and irreparable harm is called for here. Indeed, the procedure established for the election also includes a period in which the election results may be challenged, which period does not begin to run until the election is completed on September 17, 2016. Moreover, the election Plaintiff seeks to enjoin has been formally underway and in progress since mid-July 2016. Plaintiff simply seeks at this point to stop the tallying of votes, announcement of results, and running of the contesting period. The effect of granting temporary injunctive relief here would be to undo a months-long process at the eleventh hour upon an insufficient showing of irreparable harm. Thus, the Court will not grant such relief.

Even if the Court were to consider the other elements required for injunctive relief, in light of Article IV, §3 of the Kiowa Tribe Constitution,[5] it appears that Plaintiff's ability

---

[4] All that remains in the voting portion of this election process is for the last ballots to be received and counted, and for the results of the election to be certified. *See* Defs.' Resp. [Doc. No. 14] at 2.

[5] Article IV, § 3 purports to empower federal agencies, in the permanent absence of a quorum and by authorization of the Commissioner of Indian Affairs, to "call and supervise an election to bring the [Kiowa Business Committee] up to its full complement and prescribe the rules or procedure." Constitution [Doc. No. 14-1] at 5.

to show a substantial likelihood of prevailing on the merits is in doubt. Further, Plaintiff's Motion fails to show how the issuance of the TRO is not adverse to the public's interest. To the contrary, dozens of tribal members have participated as candidates for office, nearly two thousand members have registered to vote, and many ballots have already been received. It seems completely consistent with the public interest for such a process to continue to completion, and for any challenges to be considered in a more thorough and deliberate manner than that afforded by emergency, expedited consideration via TRO proceedings.

**Conclusion**

For these reasons, the Court finds that Plaintiff has failed to meet his heightened burden of showing that the traditional four factors for preliminary injunctive relief weigh heavily and compellingly in his favor, and in particular, has failed to make more than a speculative and conclusory showing of irreparable harm. Therefore, the Court hereby DENIES Plaintiff's Motion for Temporary Restraining Order [Doc. No. 4].

IT IS SO ORDERED this 16th day of September, 2016.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE